## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS
## EAST ST. LOUIS DIVISION

| | |
|---|---|
| SHARONDA BUTLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 12-CV-0783-MJR |
| | ) |
| GRANITE NURSING AND | ) |
| REHABILITATION CENTER, | ) |
| LLC and ROBERT SIGAFOOS, | ) |
| | ) |
| Defendants. | ) |

## DEFENDANT GRANITE NURSING AND
## REHABILITATION CENTER, LLC'S
## OPPOSITION TO PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT

Plaintiff's Motion to Enforce Settlement, filed April 25, 2013, is due to be DENIED. Plaintiff improperly and disingenuously asks the Court to intervene in ongoing settlement negotiations and determine what terms the parties can or should include in the Confidential Settlement Agreement and General Release of a case that has not yet been settled.   At the time Plaintiff filed the Motion to Enforce Settlement, the parties were still negotiating potential settlement terms and no settlement agreement had been reached.   Whether Plaintiff wishes to accept or reject certain terms or Defendants wish to include or exclude certain terms in the proposed Agreement is a matter to be determined by the parties and their counsel, not the Court. In this instance, Plaintiff is free to reject terms proposed by the Confidential Settlement Agreement and General Release, and the case will proceed as scheduled without a settlement. There has been no meeting of the minds, only an agreement in principle to resolve the matter, and thus there is no settlement for the Court to enforce.

1

Granite respectfully requests that it be awarded fees and expenses associated with the preparation and filing of this opposition to Plaintiff's improper Motion to Enforce Settlement.

## PROCEDURAL HISTORY AND BRIEF FACTUAL SUMMARY

Plaintiff Sharonda Butler ("Plaintiff" or "Butler") filed this lawsuit in July 2012 against Granite Nursing and Rehabilitation Center, LLC ("Granite") and Robert Sigafoos ("Sigafoos"), alleging sexual harassment under both Title VII and IHRA, retaliation under both Title VII and IHRA, workers' compensation retaliatory discharge, retaliation for making a complaint pursuant to the Illinois Nurse Home Care Act, intentional infliction of economic advantage, and intentional infliction of emotional distress. Granite filed a Motion for Summary Judgment on March 22, 2013, Plaintiff's opposition to which was due April 26, 2013. Plaintiff apparently elected not to file a response to Granite's summary judgment motion, as the Court's record reflects no filing on or before April 26, 2013. Sigafoos filed a Motion for Summary Judgment on March 29, 2013, Plaintiff's opposition to which is due May 2, 2013. As further detailed in Defendants' summary judgment submissions, both Granite and Sigafoos deny Plaintiff's claims. The conduct about which Plaintiff complained did not rise to the level of a sexually hostile work environment under either Title VII or IHRA, Sigafoos did not cause Butler to suffer any emotional distress, nor did he interfere with her economic relationship with Granite. Moreover, Granite did not retaliate against Plaintiff on any basis. Rather, Plaintiff's employment was terminated for failure to complete her 90-day introductory period after she was found to be outside of her work area when money disappeared from a resident's room, and after she was a No Call – No Show for a Saturday shift. It was Plaintiff's own conduct, not any retaliatory motive, that resulted in the termination of her employment.

## ARGUMENT

2

"In determining whether to enforce a settlement agreement, a court must first determine whether the parties entered into a valid and enforceable agreement." Cunningham v. Posnet Servs., Inc., No. 3:05-cv-4191-JPG-DGW, 2007 U.S. Dist. LEXIS 102164, *2 (S.D. Ill. Nov. 6, 2007). The party seeking to enforce a settlement agreement bears the burden of proving that an agreement exists. See IMI Norgren, Inc. v. D&D Tooling Mfg., Inc., 306 F.Supp. 2d 796, 802 (N.D. Ill. 2005).

Although the parties had agreed, in principle, to resolve the case, "[a]n agreement in principle to settle 'is not determinative of a binding settlement,'" Falco v. Oak Lawn Pub. Library, No. 99-C-2137, 1999 U.S. Dist. LEXIS 19222, n.1 (N.D. Ill. Dec. 3, 1999)(quoting Thermos Co. v. Starbucks Corp., No. 96-C-3833, 1998 U.S. Dist. LEXIS 8350, *4 (N.D. Ill. May 29, 1998)), and the parties had not agreed to the terms of the settlement. Plaintiff's Exhibit B, the draft Confidential Settlement Agreement and General Release (the execution of which was a condition of settlement), remains unsigned, and Plaintiff has expressed an insistence on not agreeing to a provision proposed therein. Thus, it is clear that no settlement has been reached.

Plaintiff seemingly relies on correspondence from Granite's counsel dated April 22, 2013 as reflecting the settlement of this case, but his own statements belie such an argument. Indeed, Plaintiff's counsel made clear that he wanted to see the terms of the proposed settlement agreement before he would agree to settle the case. On April 23, 2013, Kari Prott, paralegal to Michael Brunton, left a voice mail message for Lynlee Palmer (counsel for Defendant Granite) stating, "Mr. Brunton would very much like to see the proposed release for this case by this afternoon today. It will be very important that he sees this before we go forward with any type of settlement or anything." See Exhibits A-B, Declarations of Lynlee Wells Palmer and Kathi Mann, and *Exhibits 2* to the Declaration of Kathi Mann, filed under seal to preserve the

3

confidentiality of the settlement negotiations and proposed terms. Ms. Prott also left a voice mail message for Kathi Mann, Ms. Palmer's assistant, similarly stating, "Mr. Brunton before deciding on any type of settlement wants to see the proposed release even if it's not exactly set up for Palmer, or for Butler, he would like to see the wording and review it today by this afternoon at the latest." See Exhibit B, Declaration of Kathi Mann, Ex. *1*. Later that day, Ms. Palmer and Mr. Brunton had a telephone conversation, in which Mr. Brunton sought clarification that the settlement did not include the sanctions award, and in which Mr. Brunton stated that the parties agreed on the monetary terms, but that he needed to see the proposed Confidential Settlement Agreement and General Release to make sure that there was not anything "outrageous" in it.[1] See Exhibit A, Declaration of Lynlee Palmer. Clearly, therefore, Plaintiff's counsel recognized that the parties had not agreed to all terms at the time of the telephone conversation.

Plaintiff's counsel never agreed to the terms proposed after reviewing the Confidential Settlement Agreement and General Release, and no settlement was reached. On the days following the April 23 voice mails and telephone conversation, the parties continued to negotiate the terms of the Agreement, ultimately agreeing on all terms set forth in Exhibit B to Plaintiff's Motion, except for Paragraph 4, which is a mutually beneficial provision that will not be invoked unless one of the parties breaches the Agreement. Apparently, the parties have a fundamental disagreement over this provision, which Granite considers material to the Agreement. This impasse has one of two resolutions: either Plaintiff agrees to the provision or the parties do not

---

[1] In her motion, Plaintiff references a stipulation between the parties involving a sanctions award against Plaintiff. See Doc. 59, ¶ 4. The sanctions award, while discussed in the same conversation as discussions regarding settlement, was never a part of the settlement (as evidenced by the fact that the proposed Agreement does not reference it). See Doc. 59, Ex. B.

reach a settlement. Asking the Court to resolve this matter, however, is neither a good use of judicial resources nor an appropriate method of settling this dispute.

 To the extent that the Court determines this dispute is an appropriate one for it to resolve, which Granite disputes, Granite requests that the agreement attached to Plaintiff's Motion to Enforce at Exhibit B be enforced to its fullest extent, including the liquidated damages provision (Paragraph 3(c)) to which Plaintiff agreed prior to the parties' impasse on Paragraph 4. To do otherwise would be to allow Plaintiff to renege on terms previously undisputed and would eviscerate a key term of the confidentiality provision that was included in counsel's April 22, 2013 correspondence (on which Plaintiff premises her assertion that a settlement occurred).

<h3 style="text-align:center">CONCLUSION</h3>

 As now-retired Magistrate Judge Morton Denlow of the Northern District of Illinois opined, "Close only counts in horseshoes not settlement agreements. The parties in this case have come close to a settlement agreement, but did not reach one." IMI Norgren, Inc. v. D&D Tooling Mfg., Inc., 306 F.Supp. 2d 796, 798 (N.D. Ill. 2004). The same is true here. While the parties agreed on some points, they did not agree on others (including the terms of the proposed Settlement Agreement, which was a condition precedent to settling the case), and a settlement was not achieved. In the event that Plaintiff does not wish to settle under the terms proposed, that is a decision she and her counsel, not the Court, must make. Thus, Granite respectfully requests that Plaintiff's Motion to Enforce Settlement be DENIED, as no settlement was effectuated, and further requests that Granite be awarded its fees and expenses associated with responding to Plaintiff's improper motion.

/s/ Lynlee Wells Palmer
Lynlee Wells Palmer (*pro hac vice*)

Attorney for Defendant
Granite Nursing and Rehabilitation Center, LLC

**OF COUNSEL:**

**GILPIN GIVHAN, PC**
3595 Grandview Parkway, Suite 400
Birmingham, Alabama 35243
Phone: (205) 547-5540
Facsimile: (205) 547-5621
Email: lpalmer@GilpinGivhan.com

6

## CERTIFICATE OF SERVICE

I hereby certify that on April 29, 2013, I filed the foregoing with the Clerk of Court using the CM/ECF system, which will electronically send notice to the following counsel of record:

Michael J. Brunton, Esq.
**BRUNTON LAW OFFICES, P.C.**
819 Vandalia (Hwy 159)
Collinsville, Illinois 62234

Heather Hays, Esq.
**RYNEARSON, SEUSS, SCHNURBUSCH & CHAMPION, LLC**
500 N. Broadway, Suite 1550
St. Louis, Missouri 63102

Georgiann Oliver, Esq.
**JOLEY, NUSSBAUMER, OLIVER**
      **& BEASLEY, P.C.**
8 East Washington Street
Belleville, Illinois 62220

                    /s/ Lynlee Wells Palmer
                    OF COUNSEL